# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STANLEY LEWIS** | **CIVIL ACTION** |
| **versus** | **NO. 11-2394** |
| **ROBERT TANNER, WARDEN** | **SECTION: "C" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Stanley Lewis, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. On June 28, 2007, he pleaded guilty to possession of heroin under Louisiana law.[1] On October 26, 2007, after also pleading guilty to being a second offender,

---

[1] State Rec., Vol. I of II, minute entry dated June 28, 2007; State Rec., Vol. I of II, guilty plea form.

he was sentenced as such to a term of fifteen years imprisonment without probation or suspension of sentence.[2]

On August 28, 2009, petitioner filed an application for post-conviction relief with the state district court.[3] That application was denied on March 16, 2010.[4] His related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on August 2, 2010,[5] and by the Louisiana Supreme Court on August 19, 2011.[6]

On or about September 10, 2011, petitioner filed the instant federal application for *habeas corpus* relief.[7] The state argues that the application is untimely.[8] The state is correct.

---

[2] State Rec., Vol. I of II, minute entry dated October 26, 2007. Through counsel, petitioner had also previously conceded that he was a second offender at an earlier hearing on September 28, 2007. State Rec., Vol. I of II, minute entry dated September 28, 2007.

[3] The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be gleaned from the state court record with respect to this post-conviction application. However, in a related writ application, petitioner alleged that the post-conviction application was filed on August 28, 2009. State Rec., Vol. II of II, Petition for Writ of Mandamus. For the purposes of this decision, the Court will accept that allegation as true.

[4] State Rec., Vol. I of II, Docket Master entry for March 16, 2010.

[5] State v. Lewis, No. 2010-K-0780 (La. App. 4th Cir. Aug. 2, 2010); State Rec., Vol. II of II.

[6] State *ex rel.* Lewis v. State, 67 So.3d 1245 (La. 2011) (No. 2010-KH-2006); State Rec., Vol. II of II.

[7] Rec. Doc. 3.

[8] Rec. Doc. 16.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a criminal judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[9]

For the purposes of the AEDPA, a state criminal judgment is final once *both* the petitioner's conviction *and* sentence are final. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007); Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir. 2011), cert. denied, 2011 WL 4344562 (U.S. Nov. 28, 2011). In the instant case, petitioner pleaded guilty to being a second offender and was sentenced as such on October 26, 2007. Therefore, his state criminal judgment became final for AEDPA purposes no later than November 26, 2007, when his time expired for seeking direct review of that enhanced sentence.[10] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect to his state criminal judgment commenced on that date and expired one year later on November 26, 2008, unless that deadline was extended through tolling.[11]

---

[9] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[10] Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal. La.C.Cr.P. 914(B). However, because the thirtieth day in this instance fell on a Sunday, the deadline was extended one additional day. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

[11] The Court is aware that, because the year 2008 was a leap year, the three-hundred-sixty-fifth day of petitioner's one-year period was November 25, 2008. However, courts have held that it is the "anniversary date" on which the AEDPA's statute of limitations expires, regardless of the

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time on or before November 26, 2008.[12] Therefore, he is not entitled to any statutory tolling credit under 28 U.S.C. § 2244(d)(2).[13]

The Court must also consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland

---

existence of an additional day due to a leap year. See, e.g., United States v. Hurst, 322 F.3d 1256, 1261-62 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Zeno v. Louisiana, Civ. Action No. 06-4096, 2009 WL 3190461, at *3 n.17 (E.D. La. Sept. 30, 2009). Out of an abundance of caution, this Court will follow that rule in this opinion and give petitioner the benefit of that additional day.

[12] A minute entry indicates that petitioner may have made a request during that period for a copy of his Boykin transcript. See State Rec., Vol. I of II, minute entry dated November 28, 2007. No such request appears in the record. Nevertheless, even if such a request was in fact filed, it is of no moment for tolling purposes. Applications seeking transcripts or other documents cannot fairly be considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

[13] The Court notes that petitioner subsequently filed a state post-conviction application on August 28, 2009. However, applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before November 26, 2008, in order to be timely. His federal application was not filed until on or about September 10, 2011,[14] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petitions for federal *habeas corpus* relief filed by Stanley Lewis be **DISMISSED WITH PREJUDICE** as untimely.

---

[14] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). That date cannot be determined from the record. However, the application references the Louisiana Supreme Court's decision of August 19, 2011, see Rec. Doc. 3, p. 3, and so it was obviously filed after that date. Moreover, the mailing envelope was date-stamped by prison authorities on September 10, 2011. Rec. Doc. 3, p. 11.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this sixth day of February, 2012.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**

---

[15] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.